# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 3:24-cr-43-4 |
| v. | : |
| | : Judge Thomas M. Rose |
| JASHON WALKER, | : |
| Defendant. | : |

### ENTRY AND ORDER DENYING MOTION FOR RECONSIDERATION ON DEFENDANT'S PRETRIAL DETENTION (DOC. NO. 305)

This case is currently before the Court on Defendant Jashon Walker's ("Walker") Motion for Reconsideration on Defendant's Pretrial Detention (the "Motion") (Doc. No. 305). Walker has been indicted on criminal charges related to a complex alleged conspiracy to traffic dangerous narcotics, including fentanyl and methamphetamine. (Doc. No. 89 at PageID 252-60.) Since first being first being arrested on May 2, 2024 (*see* Doc. No. 29), Walker has remained detained pending trial on the charges against him. (*See* Doc. Nos. 33 and 52.) Walker filed the instant Motion seeking release from detention and the Court subsequently heard argument on December 16, 2025, where six character letters written on Walker's behalf and certificates of completion for a variety of prison programs were admitted without objection. The Court also admitted, without objection, the Government's exhibit, consisting of a series of photographs taken at Walker's home when executing the principal search warrant in this case. The Court took the matter under advisement and, after consideration, finds it most appropriate to **DENY** Walker's Motion.

Generally, defendants charged with certain decidedly dangerous offenses—such as the

1

offenses charged here[1]—shall be subject to a rebuttable presumption in favor of pretrial detention. 18 U.S.C. § 3142(e)(3).  To rebut this presumption, a defendant "must introduce at least some evidence" that he is neither a flight risk nor a danger to the community.  *U.S. v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

At bar, Walker has produced at least some evidence, but that evidence does not actually tend to rebut the presumption in favor of pretrial detention.  To that end, the Court finds Walker to be a flight risk if released from detention pending trial.  Walker has previously failed to appear for court on ten separate occasions. (Doc. No. 41 at PageID 85.)  Irrespective of what those court dates were for, Walker's consistent failure to appear demonstrates both a lack of respect for the law and a disregard for court orders.  Additionally, Walker's local family ties do not assuage the Court's concern on this front.  Importantly, a not insignificant portion of Walker's local family members are his co-defendants in this case.

On balance, Walker seems to be engaged in a good faith effort to convince the Court that he does not pose a risk of danger to the community and the Court certainly appreciates his rehabilitative efforts.  Nevertheless, the Court finds the Government's argument in this regard to be persuasive and, in any event, Walker's failure to rebut the presumption that he poses a flight risk is dispositive of his request for release pending trial.

Therefore, the Court hereby **DENIES** Walker's Motion for Reconsideration on Defendant's Pretrial Detention (Doc. No. 305).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, December 18, 2025.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] Walker has conceded that his case carries a presumption in favor of pretrial detention under 18 U.S.C. § 3142(e).